# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

OSRAM SYLVANIA INC.,

                              Plaintiff,

        -against-

UNALITE ELECTRIC & LIGHTING LLC,

                             Defendant.

---------------------------------------------------------------x

**ORDER**

11-cv-03596 (ENV) (JMA)

**VITALIANO, D.J.**

Plaintiff Osram Sylvania Inc. ("Osram") seeks damages against defendant, Unalite Electric & Lighting LLC ("Unalite") for breach of contract and unjust enrichment. Defendant failed to answer Osram's complaint, the Clerk of Court entered a default against defendant, and Osram moved for default judgment. On February 10, 2012, the Court granted the motion with referral to Magistrate Judge Joan M. Azrack for a report and recommendation on damages. In that report and recommendation (the "R&R"), which issued on August 7, 2012, Judge Azrack recommended (1) entry of default judgment against defendant for breach of contract and (2) an award to plaintiff of $369,115.64, representing $355,555.94 in contract damages, $13,209.70 in prejudgment interest, and $350.00 in costs.

In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). But,

1

where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

No objections have been filed, and the time for doing so has passed. After careful review of the record, the Court adopts the R&R with the exception of its prejudgment interest calculation. Judge Azrack found Massachusetts law to govern the prejudgment interest calculation and calculated the rate as being $116.90 per day for a period starting on July 26, 2011 (the date on which this action was filed) and ending on November 16, 2011 (the date on which plaintiff filed its amended motion for default judgment). The Court adopts Judge Azrack's choice of law, daily interest rate, and the start date for the interest calculation period. But, the Court selects the date on which judgment will be entered as the period's end date. See, e.g., Com. v. Johnson Insulation, 425 Mass. 650, 655, 682 N.E.2d 1323, 1333 (Mass 1997).

Accordingly, judgment shall enter in favor of plaintiff and against defendant as follows: (1) $355,555.94 in contract damages; (2) $350.00 in costs; and (3) $116.90 per day starting on July 26, 2011 and ending on the date of entry of judgment.

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 27, 2012

s/ ENV

ERIC N. VITALIANO
United States District Judge